# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0082V

| | |
|---|---|
| KIMBERLY BLESSED,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: May 15, 2024 |

*John Robert Howie, Howie Law, PC, Dallas, TX,* for Petitioner.

*Bridget Corridon, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On January 5, 2021, Kimberly Blessed filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine that was administered on August 10, 2020. Petition, ECF No. 1. On March 7, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 37.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $33,659.02 (representing $31,084.30 in fees plus $2,574.72[3] in costs). Application for Attorneys' Fees and Costs ("Motion") filed March 8, 2024, ECF No. 41 at 1. However, the billing records reflect that Petitioner actually incurred the *lower* amount of $31,967.77 in fees and costs (representing $31,084.30 in fees plus $883.47 in costs). Furthermore, Petitioner represents that she incurred no personal out-of-pocket expenses. ECF No. 41-4.

Respondent reacted to the motion on March 11, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. ECF No. 42. Petitioner replied stating that she "does not intend to file a substantive reply to Respondent's response." ECF No. 43.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable. Furthermore, Petitioner has provided supporting documentation for $883.47 in requested costs. Motion at 27-44. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $31,967.77[4] (representing $31,084.30 in fees plus $883.47 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, John R. Howie.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran

---

[3] Petitioner's Application requests a total of $2,574.72 in costs. See ECF No. 41 at 1. However, the billing records and supporting documents reflect that the lower amount of $883.47 was actually incurred in litigation costs in this matter. *See* ECF No. 41-3 at 1-17.

[4] This amount is intended to cover all legal expenses incurred in this matter as reflected by the evidence submitted. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

Brian H. Corcoran
Chief Special Master